**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY DONELL GALLOWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN PFIEFFER, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:22-cv-0737 JLT GSA<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, WITH ADDITIONAL FINDINGS<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 13) |

　　　　Terry Galloway seeks to hold the defendants liable for violations of his civil rights while incarcerated at North Kern State Prison. (*See generally* Doc. 1.) Prior to screening Plaintiff's complaint, the Court issued an order acknowledging that "a significant amount of time has passed since this matter was filed," and it was "possible that Plaintiff's address has changed." (Doc. 12.) The Court ordered Plaintiff "to file an 'Notice of Current Address'" before his complaint was screened. (*Id.*) However, the U.S. Postal Service returned the order, marked as "Undeliverable, No Mail Receptacle" on August 6, 2024.

　　　　After the Court's mail was returned as undeliverable, Plaintiff failed to file a notice of change of address as required by Local Rule 182(f). Therefore, the magistrate judge recommended the action be dismissed without prejudice. (Doc. 13.) The Court served the Findings and Recommendations upon Plaintiff at the address of record. The Court also informed Plaintiff that "failure to file

1

objections within the specified time may result in the waiver of certain rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.[1]

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the record clearly supports the finding that Plaintiff failed to comply with Local Rule 183(f), which requires a pro se party to file a notice of change of address within 63 days of the Court's mail being returned.  However, prior to recommending dismissal, the magistrate judge did not address the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986).  Importantly, the Ninth Circuit has expressed a preference for the district court to perform such analysis prior to dismissing an action.  *See, e.g., Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza,* 291 F.3d 639, 641 (9th Cir. 2002) (observing that "explicitly addressing the relevant factors when contemplating dismissal" is "the preferred practice").  Given the Ninth Circuit's expressed preference and instructions, the Court makes additional findings to determine whether dismissal is appropriate.[2]

To determine whether to impose terminating sanctions, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1424 (affirming dismissal of an action for failure to comply with the court's local rules and failure to prosecute); *see also Carey v.*

---

[1] The Court served the Findings and Recommendations at the only address on record, which was the same as the address used for the undeliverable documents. To date, the Postal Service has not returned the Findings and Recommendations.

[2] This is consistent with district courts throughout the Ninth Circuit, which address the factors identified by the Court prior to dismissing an action for failure to prosecute and failure to comply with a court's local rules. *See, e.g., Borhan v. McKesson*, 2024 WL 3818431, at *1-2 (E.D. Cal. Aug. 14, 2024) (finding the record supported the magistrate judge's determination that the plaintiff failed to comply with the court's orders and failed to prosecute the case, and independently considering the factors to prior to dismissing the action); *Johnson v. Skinner*, 2024 WL 3519309, at *1-2 (D. Az. July 24, 2024) (considering the factors where the court's mail was returned as undeliverable, prior to dismissing the action for failure to prosecute); *Osaki v. San Bernardino Cnty. Sheriff Dep't*, 2023 WL 5051282, at *2-3 (C.D. Cal. Aug. 8, 2023) (evaluating whether it was appropriate to sua sponte dismiss the action after the plaintiff failed to keep the court informed of his current address, as required by the court's local rules, and failed to prosecute the case).

*King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (identifying these factors and affirming the district court's dismissal after mail to the plaintiff was returned as undeliverable and he did not provide a proper address as required by the court's local rules). The Court may dismiss an action when "at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik,* 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). The Court will not hold this case in abeyance, particularly given the inability to communicate with Plaintiff. *See Carey*, 856 F.2d at 1441 ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff…").

Next, the Court must determine whether the defendants suffer prejudice by examining "whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). A presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Hernandez*, 138 F.3d at 400-401; *Clear Channel Ent./Televisa Music Corp. v. Mex. Musical, Inc.*, 252 Fed. App'x 779, 781 (9th Cir. 2007). Any defendant would also suffer prejudice due to the inability to contact Plaintiff and engage in discovery. Thus, this factor also supports dismissal.

Further, the Court must consider the imposition of lesser sanctions. *Allen v. Bayer Corp.*, 460 F.3d 1217 (9th Cir. 2006). A court's warning to a party that an action—or inaction— could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. In the "First Informational Order," the Court informed Plaintiff of the obligation to keep the Court informed of his current address, and that failure to do so would result in dismissal for failure to prosecute. (*See* Doc. 3 at 5.) Notably, the Court need only warn a party once that the matter could be dismissed to satisfy the requirements considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Moreover, no lesser sanction than termination without prejudice is feasible

because the action cannot proceed given the inability to communicate with Plaintiff.  *See Carey*, 856 F.2d at 1441; *see also United States v. Jiang*, 214 F.3d 1099, 1103 (9th Cir. 2000) (identifying dismissal without prejudice as a "lesser sanction" than dismissal with prejudice).

Finally, the policy favoring disposition of claims on the merits is outweighed by the four factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n. 2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").  Thus, the **ORDERS**:

1. The Findings and Recommendations dated October 22, 2024 (Doc. 13) are **ADOPTED**, with the above additional findings.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **November 23, 2024**

UNITED STATES DISTRICT JUDGE